```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SOURCECODE COMMUNICATIONS LLC,                              :
                                                            :
                          Plaintiff,                        :
                                                            :       21-CV-10519 (VSB)
              -against-                                     :
                                                            :             ORDER
IN-TELLIGENT LLC,                                           :
                                                            :
                          Defendant.                        :
                                                            :
------------------------------------------------------------X
```

<u>VERNON S. BRODERICK</u>, United States District Judge:

  Plaintiff commenced this action on December 9, 2021 by filing its Complaint. (Doc. 1 ("Compl.").) After Defendant failed to appear, Plaintiff filed papers seeking entry of a default judgment. (Docs. 16–21.) However, Plaintiff's Complaint fails to establish my subject matter jurisdiction over this action.

  The only basis of subject matter jurisdiction asserted in the Complaint is diversity of citizenship, (Compl. ¶ 4), which grants a federal court with jurisdiction over suits where plaintiffs and defendants are citizens of different states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012) (citing 28 U.S.C. § 1332(a)). There must be complete diversity of citizenship between all plaintiffs and all defendants. *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir.), *as amended*, (Nov. 12, 2014). "For purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership." *Ameriway Corp. v. Chen*, 19-CV-9407 (VSB), 2021 WL 6113373, at *3 (S.D.N.Y. Dec. 27, 2021) (alteration marks omitted) (quoting *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d

Cir. 2000)). "Furthermore, it is well established that the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) (alteration, citations, and internal quotation marks omitted).

Here, Plaintiff alleges that it "is a domestic limited liability company organized under the laws of the State of New York, with its principal place of business" in New York, and that Defendant "is a limited liability company organized under the laws of Illinois, . . . with its principal place of business located" in "Chicago." (Compl. ¶¶ 2–3.) This is insufficient to establish subject matter jurisdiction. "A complaint premised upon diversity of citizenship must allege the citizenship of natural persons who are members of a limited liability company and the place of incorporation and principal place of business of any corporate entities who are members of the limited liability company." *Avant Cap. Partners, LLC v. W108 Dev. LLC*, 387 F. Supp. 3d 320, 322 (S.D.N.Y. 2016) (quoting *New Millennium Capital Partners, III, LLC v. Juniper Grp. Inc.*, No. 10 Civ. 46(PKC), 2010 WL 1257325, at *1 (S.D.N.Y. Mar. 26, 2010)). In this circuit, courts generally disallow a case to proceed to default judgment when the pleadings cannot "demonstrate complete diversity between the parties." *See IndyMac Venture, LLC v. Mulligan*, CV 15-7057 (ADS) (GRB), 2019 WL 4648419, at *4 (E.D.N.Y. Aug. 30, 2019) (collecting cases), *report and recommendation adopted*, 2:15-cv-07057 (ADS) (GRB), 2019 WL 4647222 (E.D.N.Y. Sept. 24, 2019).

Accordingly, by March 10, 2022, Plaintiff must file an amended complaint that alleges facts sufficient to establish subject matter jurisdiction. Failure to do so will likely result in dismissal for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff may use this amended complaint as the basis for seeking default judgment. *See generally Hoguet Newman Regal & Kenney, LLP v. Lowe*, 1:21-cv-01048-VSB-OTW (S.D.N.Y.).

SO ORDERED.

Dated: February 22, 2022
         New York, New York

_____
VERNON S. BRODERICK
United States District Judge